IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00827-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 24 2009

GREGORY C. LANGHAM
CLERK

AARON HUNTER,

Applicant,

v.

BLAKE DAVIS, Warden,

Respondent.

ORDER OF DISMISSAL

Applicant Aaron Hunter is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Hunter has filed a ***pro se*** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence. The Court must construe the Application liberally because Mr. Hunter is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Hunter originally pled guilty to one count of distributing cocaine base, 21 U.S.C. § 841(a)(1), and initially was sentenced to 210 months of imprisonment and five years of supervised release. In Mr. Hunter's first appeal, the United States Court of Appeals for the Seventh Circuit (Seventh Circuit) found that in light of ***United States v. Booker***, 543 U.S. 220 (2005), he should be resentenced. ***See United States v.***

***Hunter***, No. 04-4306, 2005 WL 3046257 (7th Cir. Nov. 15, 2005). On remand the district court recalculated the imprisonment range and imposed a term of 250 months. ***Id.*** Mr. Hunter filed a second appeal, in which he argued that the government had not met its burden of proving that the cocaine base he distributed was crack. ***See United States v. Hunter***, No. 06-2144, 2007 WL 1224612 at * 1 (7th Cir. Apr. 25, 2007). In the second appeal, the Seventh Circuit found that the district court was justified in concluding beyond a reasonable doubt that Mr. Hunter distributed crack and not some other form of cocaine base. ***Id.*** at * 2.

On July 21, 2008, Mr. Hunter filed a motion for an extension of time to file a 28 U.S.C. § 2255 motion in his criminal case in the United States District Court for the Western District of Wisconsin (Western District of Wisconsin). The motion for an extension of time was denied on August 6, 2008. The Western District of Wisconsin found no authority for granting an extension of time for filing a § 2255 motion simply so Mr. Hunter could circumvent a time-bar under 28 U.S.C. § 2255(f). ***United States v. Hunter***, No. 04-cr-0079-bbc-01, Doc. # 79 at 3 (W. D. Wis. Apr. 18, 2006). The court further determined that, although the time limitation under § 2255 is subject to equitable tolling, it is clear that the mere allegation of inability of a prisoner to gather facts or gain access to documents due to lockdown status does not justify equitable tolling. ***Id.***

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." ***Bradshaw v.***

***Story***, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." ***Id.*** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366.

The remedy available under 28 U.S.C. § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. ***See id.*** Another situation that may render the remedy available pursuant to § 2255 inadequate and ineffective is when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. ***See Reyes-Requena v. United States***, 243 F.3d 893, 903 (5th Cir. 2001).

The fact that Mr. Hunter may be barred from raising his claims in the sentencing court pursuant to 28 U.S.C. § 2255, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. ***See Caravalho***, 177 F.3d at 1179. Mr. Hunter claims in the instant action, however, that he is actually innocent of the clearly erroneous sentence imposed on him. He further asserts that he pled guilty to cocaine powder, and his plea agreement does not mention crack.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." ***Murray v. Carrier***, 477 U.S. 478, 496 (1986). However, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." ***Schlup v. Delo***, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Hunter first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." ***Id***. Mr. Hunter then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." ***Id.*** at 327. Mr. Hunter fails to present any new evidence to demonstrate his actual innocence simply by stating that he did not plead guilty to dealing crack. To the contrary, the Seventh Circuit found in Mr. Hunter's second direct appeal that the trial court found beyond a reasonable doubt that he distributed crack cocaine.

The Court, therefore, finds that Mr. Hunter has failed to demonstrate that the remedy available to him in the Western District of Wisconsin pursuant to 28 U.S.C.

§ 2255 is inadequate or ineffective to address his claims challenging the validity of his conviction and sentence. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Hunter fails to assert that his remedy in the United States District Court for the Western District of Wisconsin is ineffective and inadequate.

DATED at Denver, Colorado, this 23 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00827-BNB

Aaron Hunter
Prisoner No. 05634-090
USP - Florence
P.O. Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk